UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN EDWARD DOUGLAS-MCCLAIN,<br><br>Plaintiff,<br><br>v.<br><br>DIANA L. SULLIVAN; JOHN PERNYAK,<br><br>Defendants. | Case No.: 2:22-cv-00226-GMN-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>RE:  ECF Nos. 1-1 and 1-2 |

Plaintiff, appearing *pro se*, filed an application to proceed *in forma pauperis* and initiating documents with the Clerk of Court in an attempt to commence a civil action in this Court. ECF Nos. 1, 1-1 and 1-2. These documents consists of a "Violation Warning Denial of Rights Under Color of Law," an "Affidavit of Reservation of Rights UCC 1-308/1-207," an "Administrative Notice and Demand for Identification and Credentials Quo Warranto," and a "Notice Mandatory Judicial Notice Writ of Quo Warrant with Proof of Claim and Allodial Fee Schedule." ECF Nos. 1-1 and 102.

**I.     Plaintiff's *in forma pauperis* application**

Plaintiff submitted the declaration and information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Therefore, Plaintiff's *in forma pauperis* application is granted. Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).

**II.    Screening the Complaint**

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court

liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id*.).

When considering whether a complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

While the Court acknowledges Plaintiff's *pro se* status, his attempt to allege claims in his initiating documents violates Fed. R. Civ. P. 8(a)(2) requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought … ." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." *Id.*

Here, Plaintiff fails to tie any specific facts to any defendant in a simple, concise or direct manner that would reasonably allow each defendant to understand the link between the alleged conduct and the alleged deprivation of rights. In sum, Plaintiff's initiating documents fail to provide a coherent factual bases that plausibly underly any claim for relief.

### III. ORDER

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's initiating documents (ECF Nos. 1-1 and 1-2) be DISMISSED without prejudice with leave to amend.

IT IS FURTHER RECOMMENDED that the Clerk of the Court send Plaintiff the approved form for filing a § 1983 complaint and instructions for the same.

IT IS FURTHER RECOMMENDED that Plaintiff be given until **March 10, 2022** to file an amended complaint. If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the word "Amended" above the words "Civil Rights Complaint" in the caption. Plaintiff is advised that if he files an amended complaint, that complaint must include all of the facts and all claims for relief Plaintiff seeks to assert in a form that complies with the instructions given above regarding Rules 8 and 10 because, upon filing an amended complaint, Plaintiff's original complaint no longer plays any role in this case. In his amended complaint, Plaintiff must allege facts that pertain to specific defendants identifying what acts make up each claim for relief. Plaintiff must also make clear what relief he seeks for each claim asserted.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file an amended complaint by or before **March 10, 2022**, the Court will recommend this matter may be dismissed without prejudice.

DATED THIS 10th day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).